IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF ILLINOIS

| | | |
|---|---|---|
| QUINTEN E. SPIVEY, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-CV-0779-MJR |
| VERTRUE, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

In this putative class action, Plaintiff, Quinten Spivey, alleges that Vertrue, a self-described integrated marketing services company, "crams" consumers' credit cards, debit cards and bank accounts with membership charges without consumers' knowledge or authorization. Spivey also alleges that Vertrue makes it virtually impossible for consumers to cancel their memberships and, thus, to discontinue repeated unauthorized charges to their accounts. Spivey asserts claims under the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*, the Illinois Credit Card and Debit Card Act, 720 ILCS 250/1, *et seq.* as well as for unjust enrichment and conversion.

Vertrue moves for summary judgment, asserting that Spivey was notified of the charges to his credit card, authorized them, voluntarily paid them and was promised value in return for payment.

The Court notes that, although a Scheduling and Discovery Conference has been held, there is not yet a schedule in place allowing for discovery and setting the dispositive motions deadline in this action. It appears, therefore, that Vertrue's motion is premature. As the

1

United States Supreme Court instructs, "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added);** *see also Larkin v. Murphy,* **1993 WL 269365, 1 (7th Cir. 1993)(citations omitted) ("Before granting summary judgment, adequate time for discovery should be afforded to the nonmoving party in order to effectively oppose the motion.")**. Spivey has not been accorded adequate time for discovery and, accordingly, entry of summary judgment is inappropriate.

For this reason, the Court **DENIES** Vertrue's motion for summary judgment (Doc. 37), without prejudice.

**IT IS SO ORDERED.**

**DATED this 27th day of June, 2008**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**