IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF ILLINOIS

| | |
|---|---|
| QUINTEN E. SPIVEY, individually and on behalf of others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) ADAPTIVE MARKETING, LLC, ) ) Defendant. ) | Case No. 07-cv-0779-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction

Plaintiff Quinten Spivey, individually and on behalf of others similarly situated, alleges that Adaptive Marketing, LLC, ("Adaptive") charged him excessive and unauthorized amounts for membership in a retail discount program. Spivey submits that - according to Adaptive - he authorized a membership in the Homeworks Plus program during a January 2003 telephone conversation. Adaptive has produced what it claims is a recording of that conversation:

> Female: Thank you for your order. We're sending you a risk free 30-day membership to Homeworks, offering hundreds of dollars in savings at stores like The Home Depot, K-Mart, Linens & Things and many more. After 30 days the service is extended to a full year for just $8.00 per month - just $96.00 annually. Billed in advance as Homeworks to the credit card you are using today. You will be charged an annual fee at the end of your 30-day trial period at the beginning of each new membership year [sic]. If you want to cancel, simply call the toll free number that appears in your kit in the first 30 days and you will not be billed. If you don't save hundreds of dollars in your first year, just call and you'll get a full refund. So look for your kit in the mail is that okay? [sic].
> Male: Okay.

1

First Amended Complaint ("FAC"), ¶ 29. According to Spivey, he does not recall participating in the conversation and cannot confirm that the voice on the recording is his. He contends that he received no "welcome kit" from Adaptive or, if he did, it was designed to look like junk mail so that he discarded it without opening it. *Id.* ¶¶ 30, 31.

Spivey alleges that he did not read or sign the Membership Agreement that Adaptive contends governs the relationship between him and Adaptive and, furthermore, that it is not referenced in the recording. *Id.* ¶ 33. The Membership Agreement provides, in relevant part:

> Payment of Enrollment Fee. The payment of your trial period and Enrollment Fee (comprised of a Membership Fee and, if applicable, shipping and handling charges) is made automatically by a direct charge(s) to the billing source authorized by You in accordance with the payment terms to which You agreed. We reserve the right to increase or decrease the Enrollment Fee for each renewal Membership Term effective upon renewal of your membership. Under the monthly billing plan, We may, at our discretion, increase the monthly Enrollment Fee once in any twelve-month **period not more than $2.00 per month.** *Id.* ¶ 34 (emphasis in FAC).

Spivey alleges that he originally discovered the unauthorized charges to his credit card in his January 2007 billing statement. Through review of previous billing statements and case-related discovery, Spivey learned that Adaptive charged him $96.00 on February 26, 2003, plus miscellaneous shipping and handling charges; $149.95 on December 24, 2003; $199.95 on December 23, 2004; $199.95 on December 27, 2006; and two additional $199.95 charges in 2005 and 2006. *Id.* ¶¶ 20-22. Spivey contends that, upon learning of the charges to his credit card, he called the telephone number listed on the billing statement and explained to the Adaptive representative that he had not authorized these charges. *Id.* ¶ 24. Adaptive's representative agreed to refund $179.70 of the charges, which represented a *pro rata* refund of the December 27, 2006 charge; Adaptive refused to refund any other portion of the charges to Spivey's credit card. *Id.* ¶¶ 25, 26.

Adaptive moves to dismiss Spivey's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 64) on the following grounds: (1) claims for breach of contract (Count I) fail because the provision allegedly breached by Adaptive does not, by its own terms, apply to Spivey's membership; (2) claims of unjust enrichment (Count II) fail because they impermissibly rely on Spivey's allegations that an enforceable contract existed between the parties and because they merely restate Spivey's defective breach of contract claim; and (3) Spivey's claims are barred by Illinois's Voluntary Payment Doctrine. The matter is fully briefed and ready for disposition.

## II. Legal Standard

When ruling a motion to dismiss under Rule 12(b)(6 ), the Court does not decide whether the plaintiff has a winning claim but looks only at the sufficiency of the complaint. ***Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002);** ***McCormick v. City of Chicago*, 230 F.3d 319, 323-26 (7th Cir. 2000) (citing *Leatherman v. Tarrant County*, 507 U.S. 163 (1993))**. Under the standard enunciated by the Supreme Court in ***Bell Atlantic Corp. v. Twombly***, a complaint may no longer survive dismissal by simply satisfying the notice function of Fed. R. Civ. P. 8(a). ***Twombly*, ---U.S. ----, 127 S.Ct. 1955, 1964-66 (2007)**. For a complaint to survive a 12(b)(6) motion to dismiss, it must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. ***E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F,3d 773, 776 (7th Cir. 2007) (interpreting *Bell Atlantic*)**. Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. ***Id.***

## III. Analysis

### A. Breach of contract

Adaptive claims that Spivey's breach of contract claim fails because the contract provision at issue does not apply to Spivey. According to Adaptive, the $2 limit set in the Membership Agreement for month-over-month increases to membership fees applied to monthly memberships, but Spivey had an annual membership which imposed no limit on increases to these fees.

Spivey responds that the pertinent portion of the recording on which Adaptive relies for its authorization to charge Spivey's credit card recited "just eight dollars per month - just $96.00 annually." Spivey contends that this indicates monthly rather than annual membership, or is at least an ambiguous term. He also submits, that, if a contract was formed during the alleged conversation, Adaptive further breached it by refusing to provide Spivey with a full refund.

Assuming that a contract was formed, the Court applies Illinois law to determine whether a contract is ambiguous. In so doing, the Court examines the contract as a whole and attempts to give meaning and effect to each provision in the contract. ***Echo, Inc. v. Whitson Co., Inc*., 121 F.3d 1099, 1105 (7th Cir. 1997) (citing *Schiro v. W. E. Gould & Co.*, 165 N.E.2d 286, 289 (1960))**. Any ambiguity in the contract is construed against the drafter. ***Bourke v. Dun & Bradstreet Corp*., 159 F.3d 1032, 1036 (7th Cir. 1998)**. Contractual terms are ambiguous if they are reasonably susceptible to more than one meaning, but "[a] contract is not rendered ambiguous simply because the parties do not agree on the meaning of its terms." *Id*. **(quoting *Flora Bank & Trust v. Czyzewski*, 583 N.E.2d 720, 725 (1991)**.

First, the Court accepts as true that Spivey does not recall the conversation in which he allegedly authorized the charges and does not recognize the voice on the recording as his own. Second, the Court does not have before it an affidavit or other document authenticating the manner

4

in which the Membership Agreements were distributed. Consequently, while the Membership Agreement may have constituted a contract, Adaptive has provided no admissible evidence that Spivey received the Agreement and is bound by it. Third, the Court does not have before it sufficient evidence to determine whether the charges to Spivey's credit card exceeded amounts that arguably could have been authorized. Given the amounts allegedly charged to Spivey's credit card and the dates of the charges, it appears that there was no 12-month period for which he was charged "just $96.00 annually."

Adaptive has not provided sufficient evidence to establish that Spivey authorized the charges and that he received the Membership Agreement. Furthermore, assuming for the sake of argument that Spivey did authorize the charges and received the Membership Agreement, the record presently before the Court is ambiguous as to whether Spivey had a monthly membership or, as Adaptive contends, an annual membership. As a result, genuine issues of material fact remain, and dismissal under 12(b)(6) is not appropriate.

### B. Unjust enrichment

In the alternative, Spivey contends that no contract existed between him and Adaptive and that Adaptive was unjustly enriched when it made unauthorized charges to his credit card. Adaptive argues that, in order to plead a count for unjust enrichment in the alternative, Spivey must not incorporate allegations that a contract exists or base his unjust enrichment claim on the existence of a contract.

Illinois law specifically allows a plaintiff to plead breach of contract and unjust enrichment in the alternative. Under Illinois law, an unjust enrichment claim may be predicated on either contract or tort. ***ShopLocal LLC v. Cairo, Inc*., 2006 WL 495942, 2 (N.D.Ill. 2006) (citing**

*Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221, 1225 (Ill.App.Ct. 1998). "A plaintiff suing for breach of contract may bring an unjust enrichment claim predicated on tort." *Id.* **(citing** *Liberty Mut. Ins. Co. v. Decking & Steel, Inc.*, **301 F.Supp.2d 830, 835 (N.D.Ill. 2004) ("unjust enrichment[ ] may be pursued in the presence of a written contract between the parties")**). "If an unjust enrichment claim is predicated on a contract, a plaintiff may not recover for both unjust enrichment and breach of contract. Applying these rules, a plaintiff may sue for both breach of contract and unjust enrichment when: (1) the unjust enrichment claim is based on tort; or (2) the two claims are pled in the alternative." *Id*. **(citations and internal citation omitted)**; *see also Am. Hardware Mfrs. Ass'n,* **2004 WL 3363844, at 3, 4 (denying motion to dismiss where the unjust enrichment claim incorporates contract allegations)**. As pled in the alternative, Spivey's claim for unjust enrichment survives Adaptive's motion to dismiss.

### C. Voluntary Payment Doctrine

Adaptive contends that this action must be dismissed because Spivey has waived his claims under Illinois's Voluntary Payment Doctrine. Adaptive submits that the allegations in the FAC establish that Spivey voluntarily paid the charges which were made to his credit card. Spivey contends that his claim is not barred by the Voluntary Payment Doctrine because he lacked sufficient information when he paid his credit card bills and because payment of his credit card bills was compulsory.

"The voluntary payment doctrine is 'a corollary to the mistake of law doctrine' and holds that 'a person who voluntarily pays another with full knowledge of the facts will not be entitled to restitution.'" *Brown v. SBC Communications, Inc*., **2007 WL 684133, 8 (S.D.Ill. 2007) (citing** *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., **463 F.3d 646, 653 (7th Cir.2006)**

6

**(quoting *Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 667 (7th Cir. 2001))**. The voluntary payment doctrine does not bar claims to recover payments made under a mistake of fact. *Id*. As a result, the doctrine would not bar Spivey's claims if the payments at issue were made under a mistake of fact as to whether he had ordered the service for which he was billed or whether he paid for the service in the mistaken belief that "Homeworks" was ordered by his wife, a teacher. *See id.* **(citing *Randazzo*, 262 F.3d at 668 (noting that "Illinois recognizes the traditional defenses to the voluntary payment doctrine," including "fraud and mistake of fact")**.

Adaptive has alleged the applicability of the doctrine, but Spivey alleges that the payments were not voluntary. Whether the doctrine applies is not susceptible to resolution on a motion to dismiss but "will require the presentation of evidence so that the court or fact finder can determine whether a payment was voluntarily made without protest and without fraud or mistake." *Crain v. Lucent Techs., Inc.*, 739 N.E.2d 639, 644 (Ill.App.Ct. 2000). The Court finds that dismissal is not warranted on this ground.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Adaptive Marketing's Motion to Dismiss Plaintiff's First Amended Class Action Complaint (Doc. 64).

**IT IS SO ORDERED.**

**DATED this 8th day of January, 2009**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**