**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **QUINTEN E. SPIVEY, individually and on behalf of others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | Case No. 07-cv-0779-MJR |
| **ADAPTIVE MARKETING, LLC,** | ) ) | |
| **Defendant and Third-Party Plaintiff,** | ) ) | |
| vs. | ) ) | |
| **WEST DIRECT, LLC,** | ) ) | |
| **Third-Party Defendant.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Plaintiff, Quinten E. Spivey, filed a class action complaint on September 25, 2007, in the Circuit Court, Twentieth Judicial Circuit, Monroe County, Illinois. The action was removed to this federal district court on November 2, 2007. Spivey alleges that Adaptive Marketing, LLC, ("Adaptive") charged him excessive and unauthorized amounts for membership in a retail discount program. On November 21, 2008, Adaptive filed a third-party complaint against West Direct, LLC, contending that, under a contract effective December 1, 2001, between West and Adaptive's predecessor in interest, West is solely responsible for the marketing and sale of the membership program that Plaintiff has challenged in his First Amended Class Action Complaint against Adaptive. As such, according to Adaptive, should Spivey prevail in this action, West is liable for part or all of any recovery.

1

By motion to dismiss filed December 23, 2008, West challenged this Court's personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (Doc. 90). On April 24, 2009, the Court granted West's motion to dismiss and dismissed without prejudice Adaptive Marketing, LLC's complaint for lack of personal jurisdiction. Adaptive now moves the Court for reconsideration of that Order pursuant to Federal Rule of Civil Procedure 54(b) (Doc. 136). Adaptive's motion is fully briefed and ready for disposition.

### I. Legal Standards

Rule 54(b) provides that, in an action involving multiple parties, the Court may revise any order that adjudicates fewer than all claims at any time prior to the entry of judgment adjudicating all the claims. **FED. R. CIV. P. 54(b)**. Under Seventh Circuit caselaw, motions challenging the merits of district court orders and judgments should be treated as filed under either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, **34 F.3d 533, 535 (7th Cir. 1994)**. "[W]hether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." ***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008),** *citing Borrero v. City of Chicago,* **456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying "that the former approach - that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions - no longer applies") (emphasis in original)**. "Neither the timing of the motion, nor its label ... is dispositive with respect to the appropriate characterization of the motion." *Id., citing Jennings v. Rivers,* **394 F.3d 850, 855 (10th Cir. 2005)**.

Adaptive based its motion for reconsideration on the emergence of new facts and an error of fact, a basis encompassed by Rule 59(e). Accordingly, the Court will treat Adaptive's

2

motion as one brought under Rule 59(e). *See id*. **at 493-94 (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (noting that Rule 59(e) encompasses reconsideration of matters decided on the merits);** *United States v. Antonelli*, **371 F.3d 360, 361 (7th Cir. 2004) (explaining that courts should look to the substance of a filing to determine its character)**.

Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear error of law or fact, and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen, & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 1006 (2007);** *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985) (explaining that Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").** Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.")**.

## II.     Analysis

### A.     The Emergence of New Facts Concerning West Direct's Role in Spivey's Allegations

Adaptive contends that, after the close of briefing on West's motion to dismiss, Spivey made clear that his underlying allegations arise solely from telemarketing conduct. Specifically, Adaptive submits that, in Spivey's April 3, 2009, motion for class certification, he sought to define the class based on "West Direct's use of a telemarketing script." (Doc. 122 at 5).

3

Additionally, in the April 3 motion, Spivey represents that "This action concerns only those customers whose purported authorization was provided telephonically by West Direct." (Doc. 122 at 2, n. 1). Adaptive alleges that Spivey pursued this theory by serving discovery requests calling for production of West scripts and by taking a Rule 30(b)(6) deposition of Adaptive, eliciting additional testimony regarding West's control over telemarketing scripts for wholesale sales.

Upon review of Spivey's motion for class certification and memorandum in support, the Court finds that the "new facts" identified by Adaptive do not alter the nature of Spivey's action or justify reconsideration of the Court's April 2 Order. In particular, Spivey's memorandum makes the basis of his action patent: "This class action challenges Adaptive's practice of unauthorized 'up-charging.'" Doc. 122 at 1. The West scripts at issue "did not request authorization for a membership fee increase" but referenced a "single, static price." *Id*. at 2, 3. The memorandum states, "Despite the absence of any indication of a potential price increase in the pertinent scripts, Adaptive has indeed charged membership renewal fees in increasing amounts." *Id*. at 3. It is evident that the scripts at issue do not form the basis for Spivey's claims; rather, Spivey complains of Adaptive's "up-charging," which relates only to Adaptive's billing practices and which occurred subsequent to the contact between Spivey and West.

Additionally, West submits Declaration and Stipulation of Spivey's counsel, Mark L. Brown, who declared as follows:

> 1. The above-referenced action asserted by Plaintiff, on his own behalf and for a proposed class, challenges the billing practices of Adaptive Marketing LLC.
> 2. In particular, all of Plaintiff's claims are based on Adaptive's failure to bill its members at the rate specified in the scripts read to putative class members, and not the process used to obtain the consent of any customer for initial enrollment in a membership program.
> 3. Plaintiff's claims do not concern (and no damages are sought for) charges in the amounts specified in the scripts read to putative class members. Doc. 140, Exh. A.

Based on the foregoing and the Court's previous carefully-reasoned analysis, the Court concludes that Spivey's claims do not implicate West's conduct.

Assuming, *arguendo*, that West's conduct were implicated, the Court's personal jurisdiction analysis would still be correct because nothing in Adaptive's motion for reconsideration identifies new contacts between West and Illinois, without which - as previously found - the Court lacks specific jurisdiction. ***See RAR, Inc. v. Turner Diesel,* 107 F.3d 1272, 1277 (7th Cir. 1997)**.

### B. Contract Provisions Concerning "West Retail Callers" is not Applicable to Spivey's Claim

The Court's April 24 Order relied upon a provision in the West Agreement that was part of the retail marketing agreement, but the claims in this action are governed by the wholesale portion of the West Agreement. As Adaptive points out, the wholesale marketing arrangement provides, "All scripts and marketing materials, except for any registered MW trademarks contained therein, shall be and remain the sole and exclusive property of West." For sales described by West and Adaptive as "wholesale," West drafted the scripts, but Adaptive had the ability to edit the benefits part of the script.

While Adaptive is correct that the Court's Order cited a provision from the retail portion of the contract rather than the wholesale portion, this error does not warrant a different outcome in the Court's overall analysis. First, as discussed above, the script itself - and the ownership thereof - are not implicated in Spivey's claims. Spivey's counsel specifically states that Spivey's claims do not concern, and no damages are sought for, charges in the amounts specified in the scripts.

Second, West's ownership of the script does not alter the Court's conviction that the alleged contact between Spivey and West is insufficient to subject West to personal jurisdiction in

5

Illinois. As the Court found in its April 24 Order, *inter alia,* the West Agreement was not made in Illinois; West had not specifically directed its contacts to any particular forum and had not "transacted business" in Illinois in the traditional sense of that term; West maintained no property, office, employees or operations in Illinois; and West did not initiate contact with Spivey. In sum, Adaptive still has not met its burden of demonstrating that this Court can properly exercise personal jurisdiction over West.

### III. Conclusion

For all of the above-stated reasons, the Court **DENIES** Adaptive's motion to reconsider the Court's Order of April 24, 2009 (Doc. 136).

**IT IS SO ORDERED.**

**DATED this 9th day of July, 2009**

                                                  **s/Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**