# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUINTEN E. SPIVEY, individually and on behalf of others similarly situated,

    Plaintiff,

vs.

ADAPTIVE MARKETING, LLC,

    Defendant.

Case No. 07-cv-0779-MJR

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On July 7, 2007, Magistrate Judge Philip M. Frazier entered an order denying Adaptive Marketing, LLC's, motion for leave to amend its affirmative defenses. (Docs. 150, 160). Adaptive sought to amend its answer in order to assert one additional affirmative defense - the Statute of Frauds - in response to Spivey's oral contract theory. Adaptive submits that Spivey's claims have evolved to demand enforcement of an oral contract that he previously disclaimed. Adaptive contends that it was not until Spivey filed his motion for class certification that he made clear that his claims were based on Adaptive's alleged breach of oral agreements entered into with putative class members. Adaptive contends that the affirmative defense of the Statute of Frauds is now at issue.

Judge Frazier denied Adaptive's motion, finding that it was untimely and that allowing the proposed amendment would not serve the interests of justice but would result in undue prejudice to Spivey. Frustrated with this ruling, Adaptive appeals Judge Frazier's Order to the undersigned District Judge.

Federal Rule of Civil Procedure 72 permits a party dissatisfied with a Magistrate Judge's ruling on a nondispositive matter to appeal to the District Judge on the case by filing "objections" to the Magistrate Judge's order. Rule 72(a) provides in relevant part:

> A party may serve and file objections to the order within 10 days after being served with a copy.... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

In the case at bar, Judge Frazier's Order was filed on July 7, and Adaptive's objection, filed on July 21, within the 10-day window, is timely. Accordingly, this District Judge will reconsider the matter and set aside any portion of Judge Frazier's order which is clearly erroneous or contrary to law. **28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")**. A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, **470 U.S. 564, 573 (1985) (quoting** *United States v. United States Gypsum Co.*, **333 U.S. 364 395 (1948);** *see also Weeks v. Samsung Heavy Industries Co. Ltd.*, **126 F.3d 926, 943 (7th Cir. 1997))**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." *Westefer v. Snyder,* **472 F.Supp.2d 1034, 1037 (S.D.Ill. 2006) (citations omitted)**. The question, then, is whether Judge Frazier's Order denying Adaptive's motion for leave to amend its affirmative defenses was clearly erroneous or contrary to law.

Nothing in Judge Frazier's analysis suggests that his Order is erroneous in any respect. Federal Rule of Civil Procedure 15(c) provides that leave to amend pleadings should "be freely given

when justice so requires." **FED.R.CIV.P. 15(c)**. Leave to amend is inappropriate, however, "'where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Flanagan v. Allstate Ins. Co.,* **2008 WL 4344952, *1 (N.D.Ill. 2008) (quoting** *Daugherity v. Traylor Bros., Inc.***, 970 F.2d 348, 351 (7th Cir. 1992)**. Here, Judge Frazier found that granting leave to amend was inappropriate because of undue delay and undue prejudice to Spivey.

This case has been pending since November 2007, and now proceeds on an amended complaint filed on August 12, 2008, just over one year ago. Since discovery closed on June 12, 2009, Adaptive's motion for leave to amend, filed June 12, 2009 at 7:06 p.m., is undeniably an eleventh hour filing. The Court also questions why - if the motion to certify the class prompted the need to amend affirmative defenses - Adaptive waited over two months after Spivey moved for class certification to file its motion, from April 3 to June 12, 2009. For these reasons, the Court concludes that Judge Frazier was correct in finding that Adaptive's motion for leave to amend should be denied because of undue delay and undue prejudice.

Even if the undersigned Judge were to conclude that leave to amend should be granted because discovery on this issue was adequate or because any prejudice to Spivey had been cured, Judge Frazier's view that leave to amend should be denied is not clearly erroneous. *Westefer,* **472 F.Supp.2d at 1037 ("[T]he reviewing court should not overturn the decision solely because it would have not chosen the other view.")**. In sum, the Court finds that Judge Frazier's Order denying Adaptive's motion for leave to amend its affirmative defenses was neither clearly erroneous nor contrary to law.

Accordingly, the Court **OVERRULES** Adaptive's objection (Doc. 163) to Judge Frazier's ruling (Doc. 160).

**IT IS SO ORDERED.**

**DATED this 25th day of August, 2009**

<pre>                                        s/Michael J. Reagan
                                        MICHAEL J. REAGAN
                                        United States District Judge</pre>